Thurman, C. J.
The judgment must be reversed, for the following reasons:
I. The notice contemplated a motion to amerce to be made at the term next after it was served. But no motion was made at that term. Filing a paper in the clerk’s office in vacation was not a motion. The statute expressly required the motion to be made “in open court.” (Swan’s Stat. old ed. 484, sec, 32.) It was not until the sixth term after the notice was given, and after a lapse of twenty months that such a motion was made.
II. The motion made in court was variant from the notice and unsupported by the execution given in evidence.
III. The motion was for refusing to pay money made upon the execution. But the money was not so made. First, because it was made after the writ had become functus officio, to wit: after the.return day thereof. Possibly a sheriff may receive money, in discharge of a levy on personal property, after the return, or return day of the writ. But if he can, which we neither affirm nor deny, yet, in strictness, such money is not made upon the writ. Under the statute that governs this ease, it may be that for a refusal to pay money thus made, there might have been an amercement. But if so, it would have been by virtue of the general language of the *527 thirty-second section, to wit: “ All moneys by him collected or received for the nse of said party.” A question is made, whether this section covers the case of a writ sent from one county to another, since that case is expressly provided for in a separate section, the thirty-fourth. But it matters not to which section the present 527] ^proceeding is referred, for the notice and motion clearly confine it to money received upon the execution; and it was not so received. Secondly, the goods were sold under an agreement of the parties, and in a mode wholly unknown to the due execution of a fieri facias. Now we do not think that the parties to an execution can turn a sheriff into a merchant, with a corps of unofficial bookkeepers and clerks, to keep a retail store for months, and sell at private sale as well as at auction, and upon credit as well as for cash, and when ho has complied with their wishes turn him back into a sheriff, and hold him officially responsible, and thereby charge his sureties as well as himself with his defaults; for his sureties may be made parties to a judgment of amercement, and upon a scire facias for that purpose, they are not permitted to set up as a ’defense any matter that occurred previous to the entering of the judgment. Swan’s Stat. (old ed.) 485, sec. 37. And this is an additional reason to those stated by Judge Hitchcock in Duncan v. Drakely, 10 Ohio, 47, 48, why proceedings to amorce an officer are strictissimi juris. It is enough for sureties to be liable when the due execution of process is not interfered with by the party who complains. It would be very unsafe if not unjust to let their liability be increased by private arrangements changing the due course of the law. For these reasons, as well as for those stated by the eminent judge above named, we fully agree with him that he who would avail himself of the remedy of amercement, “must bring himself both within the letter and spirit of the law.” But neither letter nor spirit, in our opinion, sustains the judgment in this case.
’ Another point is urged with much force by the counsel for the plaintiff. He contends that a motion to amerce for not paying money made upon an execution, can not be sustained unless the execution has been returned. This proposition derives some support from the case of Dawson v. Holcomb, 1 Ohio, 275, and the provisions of the statute authorizing an amercement for failure to return a writ; but we are not prepared to express our opinion upon it, nor is it necessary to do so, the views already stated disposing of the case.